| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Marciano Talula Boudreau**<br>First Name    Middle Name    Last Name | Social Security number or ITIN  xxx–xx–8546<br>EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2<br>(Spouse, if filing) | First Name    Middle Name    Last Name | Social Security number or ITIN  _ _ _ _<br>EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court  **District of Massachusetts** | | |
| Case number:  **16–31054** | | |

# Order of Discharge    12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Marciano Talula Boudreau

8/23/17                                        **By the court:**  Elizabeth D. Katz
                                                                                    United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This court grants a discharge to the person named as the debtor. It does not dismiss the case, and it does not determine how much money, if any, the trustee will pay to creditors.

**Debts that Are Discharged**

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debt are discharged if the debt existed on the date the bankruptcy case was filed.

If this case began under a different chapter of the Bankruptcy Code and was converted to chapter 7, the discharge applies to debts as of the date of conversion.

**Debts that Are Not Discharged**

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

- Debts for most taxes;
- Debts incurred to pay nondischargeable taxes;
- Debts that are domestic support obligations;
- Debts for most student loans;
- Debts for most fines, penalties, forfeitures, or criminal restitution obligations;
- Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;
- Some debts which the debtors did not properly list;
- Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;
- Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and
- Debts owed to certain pension, profit sharing, stock bonus, or retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**For more information, see page 2 >**

**Collection of Discharged Debts Prohibited**

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor.

*[In a case involving community property: There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.]*

A creditor who violates this order can be required to pay damages and attorney's fees to the debtor. However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**